**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | **CASE NO. 1:20 CR 550** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Emmanuel L. Rosser, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the government's Motion to Dismiss Defendant's

Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 as Untimely

Filed. (Doc. 39).  For the following reasons, the motion is GRANTED.

**Discussion**

Defendant plead guilty, pursuant to a plea agreement, and was sentenced on December

14, 2021. Defendant did not file a direct appeal. Defendant filed his Motion to Vacate under §

2255 on April 19, 2023. The government argues that the motion is untimely.  For the following

reasons, this Court agrees.

Section 2255 petitions are the exclusive means by which a federal prisoner may

collaterally attack a sentence that is alleged to violate federal law. *Davis v. United States*, 417

U.S. 333 (1974); *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The Antiterrorism

and Effective Death Penalty Act of 1996 (AEDPA) requires that § 2255 petitions be filed within

one year of the finalization of the conviction. 28 U.S.C. § 2255(f); see also, *In re Hanserd*, 123

F.3d 922, 924, 932 (6th Cir. 1997). Defendant had fourteen days within which to file a direct

appeal. Fed. R. App. P. 4(b)(1)(A). Because no direct appeal was filed, the judgment became

final in this case on December 30, 2021, fourteen days after the judgment was issued and the

date when the time for filing a notice of appeal expired. 28 U.S.C. § 2255(f)(1); see, also, e.g.,

*Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). Defendant had one year

to file his petition and that period expired on December 30, 2022. Defendant did not file his §

2255 motion until April 19, 2023. His motion, therefore, is untimely.

### Conclusion

For the foregoing reasons, the government's Motion to Dismiss Defendant's Motion to

Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 as Untimely Filed is

granted. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from

this decision could not be taken in good faith, and that there is no basis upon which to issue a

certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P.22(b).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated:  5/17/23